

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-21-00112-CV
_____

IN RE TAD MAYFIELD

Original Mandamus Proceeding

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Relator, father to J.M., B.M., and M.M., has filed a petition for a writ of mandamus asking this Court to direct the 71st Judicial District Court of Harrison County, Texas, to (1) vacate a temporary order appointing nonparents as joint managing conservators of the children with the right to designate their primary residence, (2) dismiss the nonparents' original petition seeking conservatorship of the children, and (3) return the children to Relator. Because Relator failed to comply with the Texas Rules of Appellate Procedure, we deny the mandamus petition.

Rule 52.7(a)(1) states that a Relator must file with the petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding." TEX. R. APP. P. 52.7(a)(1). Rule 52.3(k)(1)(A) states, "The appendix must contain . . . a certified or sworn copy of any order complained of, or any other document showing the matter complained of." TEX. R. APP. P. 52.3(k)(1)(A). Here, the mandamus record and appendix are not accompanied by affidavit. Although some documents in the mandamus record and appendix have been properly certified by the district court clerk and court reporter, others contain only a stamp of the words "TRUE AND CORRECT COPY," without any indication that the stamp was placed there by the district court clerk. We find this stamp insufficient to meet the requirements of the Texas Rules of Appellate Procedure.[1] Because the Relator's petition relies on these improperly certified documents, some of the documents that are material to Relator's petition for a writ of mandamus are neither certified nor sworn.

---

[1]In contrast, the properly certified documents contain a stamp of the words "A TRUE COPY of the Original hereof, I certify," along with a stamped signature line that was actually signed by the district clerk.

2

"'Because the record in a mandamus proceeding is assembled by the parties,' we must 'strictly enforce[] the authentication requirements of rule 52 to ensure the integrity of the mandamus record.'" *In re Landstar Ranger, Inc.*, No. 06-21-00068-CV, 2021 WL 3411534, at *1 (Tex. App.—Texarkana Aug. 4, 2021, orig. proceeding) (mem. op.) (quoting *In re Long*, 607 S.W.3d 443, 445 (Tex. App.—Texarkana 2020, orig. proceeding)). "It is the relator's burden to provide this Court with a sufficient record to establish the right to mandamus relief." *Id.* (quoting *In re Long*, 607 S.W.3d at 446) (citing TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a)(1)). Here, the Relator has failed to provide us with a sufficient record because several of the documents attached to the petition do not comply with Rules 52.3(k)(1)(A) or 52.7(a)(1).

As a result, we deny the petition for a writ of mandamus.


Josh R. Morriss, III
Chief Justice

Date Submitted:     December 7, 2021
Date Decided:       December 8, 2021

3